## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DR. LAIRY MILLER, et al.,**

      **Plaintiffs,**

                                 **Case No. 1:21-cv-136**

      **v.**                        **JUDGE DOUGLAS R. COLE**

**STANDARD INSURANCE
COMPANY, et al.,**

      **Defendants.**

### OPINION AND ORDER

This case comes before the Court on Defendants Minnesota Mutual Life Insurance Company, StanCorp Financial Group, Inc., and Standard Insurance Company's Partial Motion to Dismiss for Failure to State a Claim (Doc. 17); Plaintiffs Dr. Lairy Miller and Debra Jean Miller's Motion to Remand (Doc. 11); and on the Court's own motion regarding its subject-matter jurisdiction.

For reasons stated more fully below, the Court **DENIES AS MOOT** Defendants Minnesota Mutual Life Insurance Company, StanCorp Financial Group, Inc., and Standard Insurance Company's Partial Motion to Dismiss for Failure to State a Claim (Doc. 17). Further, because the Court has an independent and ongoing obligation to assess its subject-matter jurisdiction, and because the Court finds that subject-matter jurisdiction is lacking here, the Court on its own motion **REMANDS** this case to the Common Pleas Court of Butler County. And, as the Court's conclusion regarding its lack of jurisdiction results in the same relief that Plaintiffs seek through their Motion to Remand (Doc. 11), the Court **DENIES** that Motion **AS MOOT**.

## BACKGROUND

Plaintiffs Dr. Lairy Miller and Debra Jean Miller, both citizens of Ohio, filed their Complaint in the Common Pleas Court of Butler County, Ohio, on January 25, 2021. (*See* Compl., Doc. 6, #300). The Complaint asserted claims against (1) Standard Insurance Company ("Standard"), a corporation organized under the laws of Oregon with its principal place of business in Portland, Oregon; (2) Minnesota Mutual Life Insurance Company ("Minnesota Mutual"), a corporation organized under the laws of Minnesota with its principal place of business in St. Paul, Minnesota; (3) StanCorp Financial Group, Inc. ("StanCorp"), a corporation organized under the laws of Oregon with its principal place of business in Portland, Oregon; (4) Financial Design Group, LLC ("Financial Design"), a limited liability company with its principal place of business in Toledo, Ohio; and (5) C. Kelly Hamad, a financial advisor with an office in Covington, Kentucky, but who allegedly resides in Cincinnati, Ohio. (*Id.* at #300–05; Notice of Removal, Doc. 1, #3; Mot. to Remand, Doc. 11, #381).

Defendants Standard, Minnesota Mutual, and StanCorp removed the case to this Court on February 26, 2021. (Notice of Removal, Doc. 1, #1). Those Defendants asserted in their Notice of Removal that federal subject-matter jurisdiction existed at the time of removal, and thereby removal to federal court was proper, because "Defendants Financial Design Group, LLC … and C. Kelly Hamad … [were] fraudulently joined and their citizenship is disregarded for purposes of diversity jurisdiction." (*Id.* at #2). That is, the removing Defendants argued that the Millers had no colorable claims against Financial Design Group or Hamad, and thus, even if

2

those two parties were citizens of Ohio for diversity purposes, that would not destroy diversity jurisdiction. (*See id.* at #4–6).

Plaintiffs moved to remand the matter to state court. (Doc. 11). Shortly thereafter, Financial Design filed a Motion to Dismiss for Failure to State a Claim (Doc. 15), and Defendants Standard Insurance, Minnesota Mutual, and StanCorp filed a separate Partial Motion to Dismiss for Failure to State a Claim (Doc. 17).

Before the Court had an opportunity to address any of those motions, though, Plaintiffs and three of the Defendants—Standard Insurance, Minnesota Mutual, and StanCorp—filed a Joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 21, in which they sought to drop those three Defendants from the action. (Doc. 28, #717–18). The Court granted that Motion on June 11, 2021. Accordingly, Financial Design and Hamad are now the only remaining Defendants. Four days after the Court dismissed the three Defendants, Defendant Hamad filed a Motion for Judgment on the Pleadings. (Doc. 30). Thus, at this juncture, the Plaintiffs' Motion to Remand (Doc. 11), Financial Design's Motion to Dismiss (Doc. 15), and Hamad's Motion for Judgment on the Pleadings (Doc. 30) are the relevant motions for the Court's consideration.

## LAW AND ANALYSIS

### A.    The Court Must Remand This Action Because It Lacks Subject-Matter Jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–137

(1992)). Thus, before hearing a case, a Federal court must satisfy itself that it has subject-matter jurisdiction over the action. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). The two most common grounds for federal jurisdiction, of course, are diversity, *see* 28 U.S.C. § 1332(a), and the existence of a federal question, i.e., a question arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331. The rules that govern the scope of jurisdiction granted by those provisions remain the same whether a case is originally filed in Federal court, or instead filed in State court and then removed. In other words, removal is appropriate only where the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, the removing Defendants claim this action falls within the diversity jurisdiction. (Notice of Removal, Doc. 1, #2). Diversity exists where two elements are present: (1) the action is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). As to the former, "complete" diversity is necessary. That means that no plaintiff can be a citizen of the same state as any defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants."). And, in making that determination, if a party to an action is a corporation, the corporation is deemed a citizen of both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c). Thus, here, the three removing Defendants are citizens of Oregon (Standard and StanCorp) and Minnesota (Minnesota Mutual). (Notice of Removal,

Doc. 1, #3). Because the Plaintiffs are individual citizens of Ohio (*see* Compl., Doc. 6, #300), diversity existed at the time of removal, at least as among those parties.

However, that leaves two Defendants unaccounted for: Financial Design Group, LLC, and C. Kelly Hamad. Financial Design is a limited liability company. Although the Complaint and Motion to Remand suggest that Financial Design maintains its principal place of business in Ohio (Doc. 6, #304; Doc. 11, #381), that does not answer the question of its citizenship, which is the necessary inquiry for diversity. Rather, "limited liability companies [LLCs] 'have the citizenship of each partner or member.'" *Yarber v. M.J. Elec., LLC*, 824 F. App'x 407, 409 (6th Cir. 2020) (quoting *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009)). Plaintiffs nonetheless claim that Financial Design is a "resident" of Ohio (Mot. to Remand, Doc. 11, #385), and Financial Design has not disputed that. Regardless of the citizenship of Financial Design, though, Hamad is an individual financial advisor who does business in Kentucky but allegedly resides in Ohio. (Mot. to Remand, Doc. 11, #381). Assuming Hamad does in fact reside in Ohio (and has the present intent to remain), he is a citizen of Ohio for diversity purposes. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 390 (6th Cir. 2016) ("In elemental terms, domicile consists of (1) residence and (2) an intent to remain there. In practice, however, the law of domicile has long been one of presumptions.") (internal citation omitted).[1]

---

[1] While there is a presumption that residency and domicile coincide, courts have sometimes held that "mere averment of residency" is ineffective to establish domicile. *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity."). However, that rule is intended to prevent a party from maintaining a case in federal court under the diversity jurisdiction based only on the allegation that an opposing

Accordingly, his inclusion as a defendant in this action would seemingly destroy "complete" diversity (as the Plaintiffs are also citizens of Ohio). Moreover, if one or both are Ohio citizens, that would also give rise to a separate impediment to removal, the so-called "forum defendant" rule, under which a matter cannot be removed to federal court on diversity grounds if one or more of the defendants is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). Beyond that, 28 U.S.C. § 1441(b)(2)(A) requires that every defendant consent to removal, and the record here does not reflect that either Financial Design or Hamad did so. (*See* Notice of Removal, Doc. 1, #4).

The removing defendants, though, purport to have an answer for all of these concerns. In particular, they claim that the Plaintiffs "fraudulently joined" Financial Design and Hamad, and that fraudulently joined defendants are not taken into account for purposes of determining diversity jurisdiction, nor do removal's procedural requirements (such as consent) apply. (Notice of Removal, Doc. 1, #4 (citing *Cline v. Dart Transit Co.*, 804 F. App'x 307, 310 (6th Cir. 2020))). The removing defendants base their "fraudulent joinder" assertion on their view that the Millers have no legally viable claims against these non-diverse defendants. That is, they say that the Millers' claims against Financial Design and Hamad are facially invalid. (*Id.* at #5–6).

The Millers, naturally, argue to the contrary. Seeking to litigate in state court, they argue in their Motion to Remand that their claims against Financial Design and

---

party resides in another state. *See Mason*, 842 F.3d at 391. Thus, the "residency-domicile presumption" and the "presumption against federal jurisdiction" are sometimes at odds. *Id.* Here, however, both presumptions point in the same direction: back to state court.

Hamad are meritorious, or that, in any case, it is "not possible to conclude" at this early stage in litigation whether the Plaintiffs could prevail against these defendants. (Mot. to Remand, Doc. 11, #384). They further claim that these two defendants are Ohio "residents" (the Court assumes they mean "citizens"). (*Id.* at #381). Thus, they say, remand is required.

As noted above, before the Court had the opportunity to rule on the Motion for Remand, the Plaintiffs and removing Defendants (Standard, Minnesota Mutual, and StanCorp) reached a settlement and filed a Joint Motion to Dismiss those three Defendants pursuant to Federal Rule of Civil Procedure 21. (Doc. 28). The Court granted that Motion. Because Standard, Minnesota Mutual, and StanCorp have been dismissed from the action, their Partial Motion to Dismiss (Doc. 17) is **DENIED AS MOOT**.

The dismissal of those three Defendants leaves only Financial Design and Hamad—at least one of which certainly appears to be a citizen of Ohio, and neither of which has disputed that status—as Defendants in this case. This results in something of a procedural oddity. Generally, the question of subject-matter jurisdiction is measured at the time of removal. And in most instances, a court will have examined the propriety of removal with all parties still present in the suit. If diversity is lacking, the court will remand the case to state court. Conversely, if the court decides that the non-diverse parties were nominal or fraudulently joined, the court will retain jurisdiction. Here, though, that did not happen. Rather, the Court is first examining the jurisdictional issue in a context where the clearly diverse parties

have been dismissed, and only the allegedly nominal or fraudulently joined defendants remain.

Notwithstanding this somewhat odd procedural setting, though, the Court concludes that it must remand this action, or stated alternatively, that it lacks authority to retain the action. The removal statute provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added). A later subsection in that same statute also provides that the court has authority to remand a case where diversity jurisdiction was proper at the time of removal but later is destroyed. *See* 28 U.S.C. § 1447(e) (providing for remand in the event of joinder of non-diverse parties). Beyond that, federal courts are "under an independent obligation to examine their own jurisdiction," and must raise a lack of subject-matter jurisdiction even where the parties have not or where they have otherwise consented to federal jurisdiction. *FW/PBS, Inc.*, 493 U.S. at 230.

Here, although the Plaintiffs have filed a motion to remand (Doc. 11), the Court declines to reach the merits of that Motion. That is because the Court need not wade into the propriety of Plaintiffs' original joinder of the allegedly non-diverse defendants, nor the merits of Plaintiffs' claims against Financial Design and Hamad (which are the issues that Plaintiffs raise in that Motion). Rather, even apart from the viability of the claims against these two defendants, the Court is satisfied that those claims are not properly before it. In that regard, the Court can conceive of two possibilities: either (1) the claims against Financial Design and Hamad are viable

and their joinder was proper, which means that this Court lacked subject-matter jurisdiction at the time of removal; or (2) the claims against these two parties were not colorable; which means that, while subject-matter jurisdiction would have been proper (as these parties were fraudulently joined), the claims against Financial Design and Hamad should have been dismissed. *See Chambers v. HSBC Bank, USA, N.A.*, No. 13-14451, 2013 WL 12183798, at *1 (E.D. Mich. Dec. 19, 2013) ("Where a party has been shown to be fraudulently joined, the proper procedure is to dismiss that party from the suit.") (citing *Probus v. Charter Comm., LLC*, 234 F. App'x 404, 407 (6th Cir. 2007)); *see also* Fed. R. Civ. P. 21. In either event, the claims against Financial Design and Hamad are not properly before the Court.

To be sure, if this case falls within the latter camp (i.e., fraudulent joinder), the Court ostensibly would have the power to enter an order dismissing the claims. After all, "a federal court always has jurisdiction to determine its own jurisdiction," *Brownback v. King*, 141 S. Ct. 740, 750 (2021), and here, answering that question would have required consideration of the merits of the claims against those two defendants. But other considerations counsel against the Court exercising that power (to the extent that it exists) here. More specifically, principles of comity suggest that the more appropriate course is to remand without passing on the viability of the remaining claims. *See Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017) ("The doctrine of comity 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the

matter.'"). The question of whether the Plaintiffs have viable claims against Financial Design and Hamad is purely a matter of state law involving a dispute between non-diverse parties. Indeed, the viability of those claims under state law is the precise subject of motions filed by both Financial Design (*see* Mot. to Dismiss, Doc. 15) and Hamad (*see* Mot. for J. on the Pleadings, Doc. 30), neither of which this Court has yet entertained. Without a compelling justification for deciding those state law questions, the Court declines to do so, even preliminarily. Thus, those motions will transfer back to the state court as part of the remand process.

Because the Court is remanding this action to state court, which is the relief that Plaintiffs seek in their Motion to Remand (Doc. 11), but does so without deciding the issues that Plaintiffs presented in that Motion, the Court **DENIES** that Motion **AS MOOT**.

## CONCLUSION

For the reasons stated above, the Court **DENIES AS MOOT** both Defendants Standard Insurance Company, Minnesota Mutual Life Insurance Company, and StanCorp Financial Group, Inc.'s Partial Motion to Dismiss for Failure to State a Claim (Doc. 17) and Plaintiffs Dr. Lairy Miller and Debra Jean Miller's Motion to Remand (Doc. 11). Because the Court concludes that it lacks subject-matter jurisdiction over the remainder of this dispute, the Court **REMANDS** this case to the Common Pleas Court of Butler County. The Court **DIRECTS** the Clerk to **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

November 1, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**